## DEL W. HARRINGTON, RECEIVER, v. FIRST NATIONAL BANK OF DALHART ET AL.

Decided January 8, 1910.

**1.—Receiver—Assets—Cause of Action.**

The receiver of a partnership only acquires such claims or causes of action as were assets of the partnership at the time of his appointment, and he can maintain no action upon a claim when the partnership could not have maintained such action.

**2.—Same.**

When a partnership bank and its assets had passed by sales or transfers to several successive owners, the last owners simply as such would have no cause of action against former owners for misappropriation of the funds and assets of the bank while owned by them; such cause of action would belong to the creditors of the bank at the time of the fraud, and in the absence of allegation and proof that the last partnership owners had acquired such cause

of action they could not, and consequently their receiver could not, maintain an action to recover the misappropriated funds and assets.

Appeal from the District Court of Potter County.    Tried below before Hon. J. N. Browning.

*Del W. Harrington* and *Lumpkin, Merrill & Lumpkin,* for appellant.—It is the duty of plaintiff as receiver of the Bank of Channing to collect, protect and retain the assets of said bank for the benefit of those who are subsequently shown to be entitled to receive the same. Sayles' Civil Statutes, arts. 1470 and 1483; Mathis v. Pridham, 1 Texas Civ. App., 58; Rische v. Rische, 46 Texas Civ. App., 23; Gas Company v. Rogers, 147 Fed., 557; Alderson on Receivers, sec. 471; Bowers v. Male, 78 N. E., 577.

Where a private bank has the same officers as an incorporated bank, the powers and duties of these officers and the rules of law governing them must be the same. Zane on Banking, page 115, sec. 73; 1 Morse on Banking, sec. 80.

In the administration of the affairs of the partnership composing the Bank of Channing, the receiver represents both creditors and partners, and the creditors are subrogated to the rights of the partners to have the partnership assets collected and applied to the payment of the partnership debts. Watson v. McKinnon, 73 Texas, 210; Blackwell v. Farmers & Merchants Natl. Bank, 97 Texas, 445; Grabenheimer v. Rindshoff, 64 Texas, 49; Johnston v. Standard Shoe Company, 5 Texas Civ. App., 398; Batchelor v. Sanger, 15 Texas Civ. App., 110; Kendall v. Hackworth, 66 Texas, 499; Weaver v. Ashcroft, 50 Texas, 427; Rand v. Wright, 39 N. E., 447; Sargent v. Blake, 160 Fed., 57; Fitzpatrick v. Flannagan, 106 U. S., 654; Alderson on Receivers, page 211, sec. 173.

The appellee, First National Bank of Dalhart, is liable to plaintiff as receiver for moneys had and received in the sum of $15,000 irrespective of its participation in the conspiracy to defraud the creditors of the Bank of Channing, and regardless of the bona fides of the several transfers of the said property of said bank.

The appellee, First National Bank of Dalhart, knowingly received $15,000 from the funds of the Bank of Channing without giving anything in return therefor. This was done in pursuit of a previously formed fraudulent design and conspiracy of the appellees to convert the funds of the Bank of Channing to their own use and benefit; and for the purpose of evading their responsibilities for the debts of the Bank of Channing, made a series of fraudulent transfers of said bank. The appellees, W. B. Slaughter, C. E. Oakes and J. D. Rawlings, and their copartner, Coney C. Slaughter, were the principal stockholders in the First National Bank of Dalhart.

The right of action which accrued to the Bank of Channing and its creditors by reason of the fraudulent acts of appellees passed by transfer through the appellee, Vaden, to the present partnership composing the Bank of Channing, and from them to the plaintiff as receiver. Rand v. Wright, 39 N. E., 447; Needham v. Wright, 39 N. E., 510; Blair v. Harrison, 6 C. C. A. (U. S.), 326.

The appellees as joint conspirators are jointly and severally liable for all of the debts and obligations of each, which were created and incurred in pursuance of the fraudulent design for the execution of which the conspiracy was formed. Jernigan v. Wainer, 12 Texas, 190; Raleigh v. Cook, 60 Texas, 438; American-Freehold Mort. Co. v. Brown, 101 S. W., 856; 8 Cyc., 657 and 658; Buffalo L. Oil Co. v. Standard Oil Co., 12 N. E., 825; Van Horn v. Van Horn, 10 L. R. A., 184; West Va. Trans. Co. v. Standard Oil Co., 56 L. R. A., 804; City of Boston v. Simmons, 23 N. E., 210.

*R. R. Hazlewood* and *Jno. W. Veale,* for appellees.—The court did not err in sustaining appellee's general demurrer to appellant's third amended original petition. The creditors of the Bank of Channing, at the time it was the property of the copartnership of W. B. Slaughter, C. E. Oakes, J. D. Rawlings and Coney C. Slaughter, could not have had a receiver appointed to administer the affairs of said firm, even if the firm had been insolvent. Carter v. Hightower, 79 Texas, 136; Cahn v. Johnson, 12 Texas Civ. App., 304; City Natl. Bank of Dallas v. Dunham, 18 Texas Civ. App., 184; Holloway v. Shuttles, 21 Texas Civ. App., 188; Stevenson v. Roberts, 25 Texas Civ. App., 577; Boone v. First Natl. Bank of Waxahachie, 17 Texas Civ. App., 365.

A partnership may make such disposition of its property as it desires without consulting its creditors, since such property is in no sense a trust fund, and a receiver can not be appointed to take charge of such property at the instance of simple contract creditors.

A depositor in a banking institution, either national or a private concern, is a simple contract creditor. 3 Am. & Eng. Ency., 826; Duncan v. Magette, 25 Texas, 248; Jokusch v. Towsey, 51 Texas, 132; 16 Wallace (21 Law Ed.), 473; Hughes v. Commercial Bank of Albany, 17 Wend., 100; National Mahaiwe Bank v. Peck, 127 Mass. (24 Am. Rep., 368), 298.

If the creditors of appellees Slaughter, Oakes, Rawlings and Coney C. Slaughter were without authority in law to have a receiver appointed to administer the property of appellees, a receiver who might thereafter be appointed by the court at the instance of a subsequent partnership to administer the same character of property, would have no authority to inquire into the relations of the first partnership and its creditors, if any; a receiver has no greater power than those for whom he assumes to act. Alderson on Receivers, p. 660; see also Alderson, pp. 319 and 320.

DUNKLIN, ASSOCIATE JUSTICE.—This suit was instituted by Del W. Harrington as receiver of the Bank of Channing, against the First National Bank of Dalhart, W. B. Slaughter, J. B. Rawlings, C. E. Oakes, F. S. Vaden, Coney C. Slaughter, E. C. Throckmorton and Frank Farwell, but afterwards was dismissed as to defendant Coney C. Slaughter. A general demurrer was sustained to plaintiff's petition and his suit dismissed and from that judgment plaintiff has appealed.

Plaintiff's petition contained allegations of the following facts:

Upon application of E. C. Throckmorton, plaintiff was appointed receiver of the Bank of Channing, which was then owned and conducted by Throckmorton and his associates as partners, and the order of court appointing the receiver authorized and directed him to institute such suits as might be necessary to collect any debts due the partnership. Originally, the Bank of Channing was a banking business owned and conducted by a private corporation, who sold it to defendants W. B. Slaughter, Coney C. Slaughter, J. D. Rawlings, and C. E. Oakes. The defendants last named, as partners, conducted the business for a season and then sold all its assets to the defendant F. S. Vaden, who subsequently sold all the assets of the business to the partnership firm composed of E. C. Throckmorton and his associates. The bank was in a solvent condition when acquired by W. B. Slaughter and associates. During the time the business was conducted by the first purchasers and their vendee, F. S. Vaden, the defendants, except E. C. Throckmorton, for the purpose of defrauding depositors and other creditors, appropriated to their own use certain assets of the bank of the value of thirty-three thousand dollars without paying any valuable consideration therefor, thereby rendering the bank insolvent, and, by this suit, plaintiff sought to collect the indebtedness accruing by reason of such misappropriations.

The vital question to be determined is whether or not the cause of action asserted in the petition is vested in the receiver. It is not contended that the receiver by his appointment acquired any assets other than those owned by the partnership firm of E. C. Throckmorton and his associates, and if he can maintain this action it must follow that the same right of action was an asset of that partnership which the partnership firm could have maintained in the absence of a receiver. Assuming the allegations of the petition to be true, the alleged misappropriations of the assets of the bank occurred prior to the sale to Throckmorton and his associates, and Vaden sold to Throckmorton and his associates only such assets as then remained after such misappropriations. The assets alleged to have been misappropriated consisted of funds taken from the bank and appropriated by the defendants, and promissory notes executed by defendants in favor of the bank, but taken therefrom and canceled. In the petition stress is made that such misappropriation of the bank's assets was in fraud of creditors of the defendants then conducting the bank. If the misappropriations of funds complained of gave the creditors of the defendants a cause of action against those defendants, there are no allegations in the petition showing that Vaden's vendees acquired that right of action in their purchase from Vaden, and if they did not acquire it, it follows that the same was not an asset which passed to the receiver. (High on Receivers (3d ed.), sec. 539.) Throckmorton and his associates would have no right to complain that the former owners of the business had previously given away or misappropriated property formerly a part of the assets of the business and belonging to them, but not conveyed by Vaden in his sale, even though it should be held that former creditors of the parties conducting the business might have a cause of action for their debts against those defendants.

Among the various authorities cited by appellant, the case of Rand v. Wright, reported in 39 N. E., 447, is relied on as being more nearly in point and as sustaining appellant's contention that there was error in the judgment from which this appeal was taken. In that case a banking business was conducted by two partnership firms successively. A receiver was appointed of the last owner and it was held that he acquired the right to maintain the suit for the collection of a chose in action accruing to the first owner of the bank. The first partnership firm conducted the business for five years and at the expiration of that period all partners, except one, entered into a new partnership agreement. In that case it did not appear that there had been any settlement of any character by the first owner of the bank with the party owing the debt which was the basis of the suit, but it appeared that the same was still an asset of the first partnership at the time of the sale, and it further appears from the opinion that that right of action was expressly transferred by the first partnership to the second by virtue of a stipulation in the transfer of the business of the second partnership, as is shown by the following quotation from that decision: "On the formation of the last partnership in February, 1882, by the terms of the agreement as set out in the complaint, we think it very clear that while a new partnership was entered into which continued from March 1, 1882, until the insolvency and appointment of the receiver in August, 1883, yet all the capital stock and assets of every description belonging to the first partnership, including the right of action in this case, were transferred unchanged and unimpaired to the new company in the same fullness of title as they were held by the old company."

It is unnecessary to discuss various other questions presented in the briefs of counsel, as we think the judgment complained of was correct for the reasons above given, and that judgment is affirmed.

*Affirmed.*

Writ of error refused.